## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>CHRISTOPHER GOGO CALITIS,<br><br>               Defendant. | CRIMINAL CASE NO. CF0394-09<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 26, 2014, on the People of Guam's Second Motion for Revocation of Probation. Assistant Attorney General James C. Collins was present on behalf of the People of Guam. Attorney Stephen P. Hattori was present on behalf of Defendant Christopher Gogo Calitis ("Defendant"). Having reviewed the pleadings and the arguments presented, the court now issues its Decision and Order.

### BACKGROUND

On August 6, 2009, the Guam Police Department executed a search warrant at Defendant's address. At which point, the participating officers found several drug items including 29.6 gross grams of suspected ice, several containers for possible distribution, and other drug paraphernalia. In addition to the drugs, several weapons were found. On August 13, 2009, Defendant was indicted for the following: (1) possession of a firearm without an identification card, (2) possession of an unregistered firearm, (3) possession of a firearm with an obliterated serial number, and (4) unlawful discharge of a firearm.

On September 15, 2009, the People of Guam filed a superseding indictment that contained three additional charges. The additional charges were: (1) possession of a schedule II controlled substance with intent to distribute, (2) possession of a concealed weapon, and (3) reckless conduct. Before trial on February 23, 2011, Defendant entered into a plea agreement with the People of Guam. Under the plea agreement, Defendant pled guilty to possession of a schedule II controlled substance with intent to distribute as a 1st degree felony. This offense carries a sentence of not more than twenty years imprisonment, and a maximum fine of $50,000.00. 9 G.C.A. § 67.401.4(a).

The plea agreement states the Defendant be placed on special probation for five years. The terms of Defendant's probation require that Defendant shall perform 150 hours of community service; attend and successfully complete any drug and/or alcohol counseling program; report to the Probation Office at least three times per week, and at those times take a drug test if requested. Failure to follow all of the conditions of the supervised probation will result in a hearing to revoke probation at which time the Court may impose the maximum sentence in this case which provides that this offense carries a sentence of not more than twenty years imprisonment, and a maximum fine of $50,000.00. On April 19, 2011, the Court entered judgment against Defendant pursuant to the Plea Agreement.

On February 10, 2012, the People of Guam filed a Motion to Revoke Defendant's Probationary Status and Impose the Sentence. Defendant filed an Opposition to that Motion on February 17, 2012. In his opposition, Defendant requested the court to grant him "*last chance opportunity.*" (emphasis added). On February 29, 2012, the Court declined to revoke Defendant's probation entirely, and sanctioned Defendant to sixty days incarceration. Defendant has since continued to violate his probation. The violations since February 29, 2012 are: (1) 7th Violation: failed to pay fine and community service; (2) 8th Violation: failed to report to drug testing, and failed to pay fine; (3) 9th Violation: tested positive to methamphetamine; (4) 10th Violation: failed to report to drug testing; (5) 11th Violation: failed to report to drug testing.

On May 29, 2013, the People of Guam filed its Second Motion for Revocation of Probation. Defendant has not opposed the motion in writing. However, on June 26, 2014, at

the revocation hearing, Defendant orally opposed the revocation. The Court then took the matter under advisement. On October 17, 2014, the Court held a status hearing on the matter. At that hearing, the Court Granted the Government's Motion to Revoke Probation. The following discussion reflects the Court's rationale in Granting such motion.

## DISCUSSION

### I.   Revocation of Probation

Under 9 G.C.A. § 80.66(a)(2), "the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re- sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." Under 9 G.C.A. § 80.66(b), "When the court revokes a suspension or probation, it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted."

Under *People v. Camacho*, 2009 Guam 6, "Probation revocation is a two-step process." The first step is the court must make a factual determination that a violation of a condition of probation actually has occurred. *Id* ¶ 27. (court must next determine whether probation should be revoked because beneficial aspects of probation are no longer being served). "The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation." *People v. Manila*, 2005 Guam 6 ¶13 (quoting *State v. Brunet*, 806 A.2d 1007, 1011 (Vt. 2002)).

The next step is whether the violation warrants revocation. *Camacho* ¶ 28. The probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.* The standard of proof required at a probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* ¶ 30.

In this case, Defendant has violated the conditions of his probation. The conditions of Defendant's probation provide that Defendant shall attend and successfully complete any drug

and/or alcohol counseling program; report to the Probation Office at least three times per week, and at those times take a drug test if requested. Defendant has failed to report to drug testing on multiple occasions and Defendant has also tested positive for illegal drugs.

The next step is whether the violation warrants revocation. In this case, the Plea Agreement specifically states, "Failure to follow all of the conditions of the supervised probation will result in a hearing to revoke probation." The plea agreement specifically provides that revocation is a direct result of a violation. In this case, Defendant has violated the terms of his probation eleven (11) times total, and five times subsequent to the Court's initial sixty day sanction for his previous violations.

In *Camacho* the defendant had fifteen reported violations. *Id.* ¶ *34.* The trial court gave him another opportunity to prove that he was a good risk for probation, but the defendant violated the conditions of probation two more times when he failed to report to his scheduled drug test. *Id.* The Guam Supreme Court agreed with the trial court that the violations warranted a revocation of probation. *Id.* "We agree with the trial court that, given the fact that the crime for which Camacho was convicted was a drug offense, the failure to report for drug tests was a serious violation warranting revocation of probation." *Id.* ¶ *30.* In this case, the Defendant pled guilty to possession of a schedule II controlled substance with intent to distribute. Like the defendant in *Camacho*, the Defendant was given a second opportunity to continue his probation, and he continually violated the conditions of his probation thereafter. In contrast, the Defendant in this case, not only failed to show up for a drug test, but actually tested positive for drug use on multiple occasions.

Therefore, considering all the circumstances, the Court finds that Defendant is in violation of his probation requirements. The Court finds that revocation in this matter will best satisfy the ends of justice and the best interest of the public pursuant to 9 G.C.A. § 80.66(a)(2).

Having found that a revocation of Defendant's probation is warranted, the Court will sentence Defendant to serve one year of direct time with a release date of May 8, 2015. Subsequently, Defendant shall serve three years of special parole.

///

## CONCLUSION

For the foregoing reasons, the Government's Motion for Revocation is GRANTED.

**IT IS SO ORDERED** this 24th day of October, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

///

///

**SERVICE VIA COURT BOX**
I acknowledge that a copy the
original hereto was placed in the
court box of: AG/S APD
BMR
Date 10/24/14 Time 9:34am
Deputy Clerk, Superior Court of Guam

///

*People of Guam v. Christopher Gogo Calitis*
Case No. CF0394-09
Decision and Order